UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORI J. CANADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-33-FHM |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff, Lori J. Canady, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff, Lori J. Canady's application for disability insurance benefits was denied initially and upon reconsideration. A video hearing before an Administrative Law Judge (ALJ) Lantz McClain, was held February 15, 2012. By decision dated March 30, 2012, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 22, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 36 years old on the alleged date of onset of disability and 39 years old on the date of the denial decision. She graduated from high school and formerly worked as a unit secretary and certified nurse aide. Plaintiff claims to have been unable to work since August 1, 2009 due to rheumatoid arthritis, osteoarthritis, back and neck impairments, and lupus. [R. 117].

## The ALJ's Decision

The ALJ determined that the Plaintiff's severe impairments include degenerative disc disease of the spine, lumbar and sacral spondyloarthritis, and fibromyalgia. [R. 12]. The ALJ further determined that Plaintiff has the residual functional capacity (RFC) to perform

light exertional work with normal breaks.[2] Functional limitations found by the ALJ included no more than frequently climbing such things as ramps, stairs, or balance, and no more than occasional stooping, kneeling, crouching, or crawling. The ALJ determined at step four that Plaintiff could perform her past relevant work as a unit secretary as actually performed. [R. 17]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. See *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: 1) failed to properly evaluate the opinions of the state agency medical consultants; and 2) the residual functional capacity (RFC) was legally flawed and not supported by substantial evidence.

## **Analysis**

### Opinions of State Medical Consultants

Plaintiff argues that the decision should be reversed because although the ALJ stated he gave considerable weight to the opinion of non-examining physician, Dr. Suzanne Roberts, M.D., the RFC assessment failed to reflect her opinion. [Dkt. 15, pp. 5-6]. It is the Commissioner's position that the RFC is an administrative assessment which was properly determined by the ALJ after evaluation of the record evidence. [Dkt. 16, pp. 6-9].

---

[2] Pursuant to CFR § 404.1567, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Dr. Roberts completed a Physical Residual Functional Capacity Assessment on January 10, 2011, [R. 264-271], opining that, based upon cervical disc disease, Plaintiff could perform light exertional work with manipulative limitations in reaching in all directions (including overhead) and handling. [R. 265-67]. This assessment was affirmed by Dr. Charles Clayton, M.D. [R. 289]. In considering the medical opinion of Dr. Roberts, the ALJ stated:

> "[T]he undersigned give (sic) considerable weight to the opinion of Dr. Roberts. Although she is a non-examining physician, her opinion is based on a review of the claimant's medical records. Her opinion is consistent with and supported by the medical evidence in this case, and the undersigned gives her opinion considerable weight. **Thus, the undersigned has incorporated her opinion into the claimant's residual functional capacity assessment.** (Emphasis added).

[R. 17]. While the ALJ noted in the decision that he incorporated Dr. Roberts' opinion into the decisional RFC, there was no explanation as to why the manipulative limitations (occasional overhead reaching and handling) were omitted. The manipulative limitations were also omitted from the hypothetical questions posed to the vocational expert. The omission of any reference to reaching limitations is not harmless because the *Dictionary of Occupational Titles'* (DOT) description for the job of unit secretary requires frequent reaching and handling. *See* DOT #201.362-014, 1991 WL 671668 (G.P.O.).

In *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991), the Tenth Circuit said that "testimony elicited by hypothetical questions that do not relate with precision all the claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." In posing a hypothetical question, an ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Talley*

4

*v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). The problem in this case is that the ALJ acknowledged and seemed to accept Dr. Roberts' opinion that Plaintiff is limited in handling and overhead reaching. However, the RFC contained no mention of manipulative limitations and there is no discussion of these inconsistencies. In *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), the Tenth Circuit reversed the ALJ's decision where the ALJ failed to explain why he seemingly accepted some restrictions in an RFC assessment but rejected others. If the ALJ meant to omit the manipulative limitations from the decisional RFC, the ALJ was required to explain his reasons for doing so. The court finds that the case should be remanded because the ALJ seemingly accepted the manipulative limitations contained in the physical RFC assessment but failed to include these restrictions in the decisional RFC finding without providing any explanation for the omission.

There is no need for the court to address Plaintiff's remaining contentions because they also relate to the RFC finding and the ALJ's further discussion of Dr. Roberts' opinion on remand will likely impact the RFC finding.

## **Conclusion**

The court finds that the case should be remanded for the ALJ to explain the omission of manipulative limitations from the decisional RFC in light of Dr. Roberts' opinion. The ALJ's decision is therefore REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 29th day of May, 2015.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE